The STATE of Ohio, Appellee,

v.

SHIPLEY, Appellant.

[Cite as *State v. Shipley* (1994), 94 Ohio App.3d 771.]

Court of Appeals of Ohio,
Licking County.

No. 93–CA–101.

Decided May 16, 1994.

*Mark Gardner,* for appellee.

*Daniel D. Connor,* for appellant.

GWIN, Presiding Judge.

On November 4, 1992, at approximately 8:50 p.m., an automobile struck and killed a pedestrian on Interstate 70 in Licking County, Ohio. The Ohio State

Highway Patrol subsequently arrived at the accident scene and found no information concerning the driver of the automobile, who had left the scene. The investigating officers did determine that the victim and his wife had been travelling on Interstate 70 when the van they were driving experienced mechanical difficulty. The victim drove to the berm of the highway and parked the van at less than a safe distance from passing traffic. As the victim was walking around the vehicle in search of the mechanical problem, he was fatally struck by the unidentified passing motorist. At the time of accident, the van had no hazard lights or headlights activated.

The next morning, Attorney Robert Behal of Columbus received a telephone call from the defendant, Tom E. Shipley (appellant). Appellant disclosed to Attorney Behal that he was the driver of the vehicle that struck and killed the man on Interstate 70. Appellant explained that as he approached the victim's parked vehicle he noticed movement and then heard a sudden "boom." Appellant explained that he did not stop because at first "he couldn't believe that he hit anything" or that he had hit an animal. It wasn't until the next morning that appellant learned that in all probability it was a man that he had struck and killed.

In an attempt to help his client, Attorney Behal telephoned the Grandville Post of the Highway Patrol and disclosed to Lieutenant Tim Mahoney the information he had learned from appellant. Attorney Behal agreed that he and appellant would bring appellant's vehicle to the patrol post the next day and would discuss the matter in further detail. Attorney Behal claimed he was unaware that his entire conversation with the Highway Patrol was tape recorded.

The next day, appellant and Attorney Behal traveled to the post as agreed and appellant's vehicle was impounded. Upon their arrival, Attorney Behal informed the prosecutor and officers present that his client would answer no questions concerning the matter. Attorney Behal then described to those present the circumstances surrounding the collision as related to him by appellant. Appellant thereafter admitted to one of the officers that he had been the driver of the vehicle that struck the victim. Appellant was then issued uniform traffic citations charging him with leaving the scene of an accident and operating a motor vehicle with no driver's license, in violation of R.C. 4549.02 and 4507.02, respectively.

On March 8, 1993, the state filed a notice of intent to use in its case against appellant the audio tape recording of the conversation between Attorney Robert Behal and the Highway Patrol on November 5, 1992. Attorney Behal responded by filing a motion to suppress all statements made by him concerning the information he learned from his client and those statements made by appellant in response to police questioning. Realizing a possibility of being called as a witness, Attorney Behal subsequently withdrew as counsel for appellant.

A hearing was held on appellant's motion and the trial court suppressed appellant's responses to police questioning for the state's failure to advise appellant of his rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. However, the court overruled that portion of appellant's motion seeking to exclude from evidence Attorney Behal's statements regarding appellant's involvement in the accident. The court reasoned that Attorney Behal was an agent of appellant and his statements were made within the scope of the agency relationship and were therefore admissible as nonhearsay pursuant to Evid.R. 801(D)(2)(d). Additionally, the court found the statements made by Attorney Behal were not made as a part of plea negotiations.

The matter proceeded to trial, wherein all statements made by Attorney Behal were admitted into evidence and appellant was convicted of the traffic offenses charged. Appellant now seeks our review and assigns as error:

### Assignment of Error No. One

"The trial court erred, to the prejudice of appellant, in denying appellant's motion to exclude certain statements made over the telephone by appellant's then-attorney, and an audio tape of that telephone conversation, where appellant's then-attorney was merely attempting to cooperate with the state and dissuade the filing of serious charges."

### Assignment of Error No. Two

"The trial court erred, to the prejudice of appellant, in allowing the state to introduce certain statements made over the telephone by appellant's then-attorney, and an audio tape of that telephone conversation, under Ohio Evidence Rule 801(d)(2)(D), since these were not admissions by the appellant himself, any statements which were arguably confessions were beyond the scope of any agency relationship, and there was not set forth proper foundational evidence to support their admission."

### Assignment of Error No. Three

"The trial court erred, to the prejudice of appellant, in permitting the government to introduce certain inculpatory statements made by appellant's then-attorney in contravention of appellant's *Miranda* rights and privilege against self-incrimination."

### Assignment of Error No. Four

"The trial court erred, to the prejudice of appellant, in allowing statements referring to appellant's right to remain silent to be admitted into evidence."

Assignment of Error No. Five

"The trial court erred, to the prejudice of appellant, in overruling appellant's oral motion pursuant to Criminal Rule 29(A) to dismiss the charge for insufficient evidence."

## I, II, III & IV

Through his first four assignments, appellant maintains the trial court erred in admitting into evidence his attorney's statements regarding his involvement with the fatal accident. Appellant in his motion to suppress originally argued that the statements made by his attorney were a violation of his attorney-client privilege. However, appellant abandoned this argument in favor of the above arguments contained in his first four assignments of error. We find this case presents a simple issue of attorney-client privilege.

In *King v. Barrett* (1860), 11 Ohio St. 261, paragraph one of the syllabus, the Supreme Court of Ohio succinctly set forth the law regarding attorney-client privileges:

"Communications made by a client to his attorney, with a view to professional advice or assistance, are privileged; and courts will not require nor permit them to be divulged by the attorney, without the consent of his client, whose privilege it is."

The attorney-client privilege applies to communications made by clients to their attorneys with the intent that the communications remain confidential. Only the client can waive the attorney-client privilege. *State v. Today's Bookstore, Inc.* (1993), 86 Ohio App.3d 810, 818, 621 N.E.2d 1283, 1288. Accordingly, if privileged information is disclosed by some person who was not entitled or who did not have the authority to waive the privilege, the information remains privileged. *Id.;* see *Powers v. Chicago Transit Auth.* (C.A. 7, 1989), 890 F.2d 1355, 1357–1359. This common law has been essentially codified in R.C. 2317.02, which provides in part:

"The following persons shall not testify in certain respects:

"(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client; except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and * * * if the client voluntarily testifies * * *, the attorney may be compelled to testify on the same subject."

Here, appellant communicated his involvement in the fatal accident to Attorney Behal for the purpose of receiving professional advice and/or assistance.

As such, this information was privileged. It is firmly established in this record that appellant did not waive his privilege, did not voluntarily offer testimony regarding the privileged information and did not authorize his attorney to disclose that information. We, however, note that it appears from the record that some, if not all, of appellant's communications with Attorney Behal were made in the presence of appellant's brother. The presence of appellant's brother did not operate as a waiver of appellant's privileged communications. See *Bowers v. Ohio* (1876), 29 Ohio St. 542, paragraph four of the syllabus.

We now turn our attention to Attorney Behal's disclosure of the privileged information to the police. As stated above, Attorney Behal had no authority to waive his client's privilege. Therefore, the information given to the police by Attorney Behal remained privileged. There being no waiver of the privilege by the client, the trial court was required to hold such information inadmissible in the trial against appellant.

While our discussion of this matter could end here, we find it necessary to comment on the trial court's finding that Attorney Behal's statements regarding the privileged information were not hearsay because they were made by appellant's agent concerning a matter within the scope of the agency and were made during the existence of the agency relationship, pursuant to Evid.R. 801(D)(2)(d). This is an erroneous finding. Attorney Behal's statements were inadmissible hearsay because they were not made within the scope of the agency relationship with appellant. An attorney acts outside the scope of the agency relationship with his client if he without authority and/or without waiver of the privilege discloses to third parties privileged information.

Finally, it is abundantly clear from the review of this record that Attorney Behal in disclosing the privileged information did so in compromise negotiations. Accordingly, Evid.R. 408 prohibits such evidence from being admitted against appellant.

For these reasons, the trial court erred in admitting those statements made by Attorney Behal to third parties.

## V

Through his fifth and final assignment, appellant maintains there was insufficient evidence presented to support his conviction of leaving the scene of an accident. The trial court itself stated that absent the admissions made by Attorney Behal, "the State would not have been able to charge [appellant] with leaving the scene of an accident or with driving under suspension."

Upon review of the record on appeal, including Attorney Behal's statements that were admitted at trial, we find sufficient evidence was presented for the jury to reasonably conclude that appellant did leave the scene of the accident. Accordingly, we overrule appellant's fifth assignment of error.

For the foregoing reasons, the judgment of conviction and sentence entered in the Licking County Municipal Court is reversed for the trial court's erroneous admission of privileged communications and we remand this matter to that court for further proceedings not inconsistent with this opinion.

*Judgment accordingly.*

FARMER and READER, JJ., concur.