CARGOTEC, INC., Appellant,

v.

WESTCHESTER FIRE INSURANCE COMPANY et al., Appellees.

[Cite as *Cargotec, Inc. v. Westchester Fire Ins. Co.*, 155 Ohio App.3d 653, 2003-Ohio-7257.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–03–1116.

Decided Dec. 31, 2003.

Steven R. Smith, Janine T. Avila and Jason A. Hill, for appellant.

Warren Rosman, James J. Duggan and Jonathan Schapp, appellees.

SINGER, Judge.

{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, ordering appellant to disclose certain documents and information pursuant to discovery requests. Because we conclude that the trial court abused its discretion, we reverse.

{¶ 2} In April 2001, appellant, Cargotec, Inc. ("Cargotec"), brought an action for declaratory judgment and money damages against several insurance companies, including appellee, Westchester Fire Insurance Company ("Westchester"). In July 2001, Westchester first served a request for production of documents on Cargotec. Cargotec responded on October 1, 2001, and provided Westchester with a copy of its "privilege log."

{¶ 3} More than a year later, in late October 2002, Westchester filed a motion to compel Cargotec to produce all of the documents referred to in the privilege log. Over Cargotec's opposition, the trial court ordered that the documents be provided to appellees. Relying on federal case law interpretation of the requirements for privilege logs, the court determined that Cargotec's log did not adequately describe the communications so as to establish privilege under either the attorney-client relationship or work-product doctrine. Prior to its determination, the court declined to permit Cargotec to amend the privilege log or to conduct an in camera review of the 100 plus documents listed in the log.

{¶ 4} Appellant now appeals from that judgment, setting forth the following sole assignment of error:

{¶ 5} "The trial court abused its discretion by ordering Cargotec to produce its documents protected by the attorney-client privilege and work-product doctrine without allowing Cargotec an opportunity to amend its privilege log, or in the alternative, conducting an in-camera inspection."

{¶ 6} Under Ohio law, it is well established that the trial court is vested with broad discretion when it comes to matters of discovery, and the "standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion." *Mauzy v. Kelly Serv., Inc.* (1996), 75 Ohio St.3d 578, 592, 664 N.E.2d 1272. Upon a showing of an abuse of that discretion, the lower court's decision will be reversed. *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 6 OBR 496, 453 N.E.2d 700, syllabus. For a party seeking to overturn the lower court's discovery ruling, the aggrieved party must present evidence that the lower court's actions were "unreasonable, arbitrary, or unconscionable." See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 7} The attorney-client privilege exempts from the discovery process certain communications between attorneys and their clients. The privilege has long been recognized by the courts, *Upjohn Co. v. United States* (1981), 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584; *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 660, 635 N.E.2d 331, and "[i]ts purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn,* supra.

{¶ 8} Work product consists of "documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" and may be discovered only upon a showing of good cause. Civ.R. 26(B)(3). This rule is often referred to as the "work-product doctrine." The purpose of the work-product doctrine is "to prevent an attorney from taking undue advantage of his adversary's industry or efforts." Civ.R. 26(A)(2).

{¶ 9} In Ohio, the burden of showing that testimony or documents are confidential or privileged rests upon the party seeking to exclude them. *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 263–264, 6 OBR 324, 452 N.E.2d 1304. A party against whom discovery of confidential information is sought is entitled, for good cause shown, to a protective order, which justice requires to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. Civ.R. 26(C). The decision whether to grant or deny the protective order is within the trial court's discretion and will not be reversed absent an abuse of that discretion. *Ruwe v. Springfield Twp. Bd. of Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 505 N.E.2d 957. Before a trial court properly exercises its discretion in discovery matters, however, there must be some valid basis for exercising that discretion. See *Thompson v. Curtin* (May 15, 1997), Franklin App. No. 96APE09–1187, 1997 WL 254122. The "exclusion of reliable and probative evidence is a severe sanction and should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise." *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 34, 7 OBR 34, 454 N.E.2d 177.

{¶ 10} The use of privilege logs and requirements of their contents have not been substantively addressed by Ohio courts. Despite the similarity between the federal common-law attorney-client privilege and Ohio's privilege statute, R.C. 2317.02, federal courts and Ohio court procedures pertaining to discovery rules often differ. Since our research reveals nothing that requires the filing of such a log under Ohio law or Civil Rules, including how detailed it must be, we view a "privilege log" as merely a discovery tool that may be utilized by the parties to manage, organize, and analyze a large number of documents. Therefore, while federal case law, such as that utilized by the trial court, may provide

some guidance as to what constitutes an adequate entry in a privilege log, an Ohio trial court must still look to the Ohio Civil Rules when determining whether documents are privileged.

{¶ 11} Under Civ.R. 26(E), parties may supplement their discovery responses and, under certain instances, are even required to do so. In our view, unless discovery has been willfully delayed or avoided by the party seeking to exclude privileged information, it is unreasonable and an abuse of discretion to deny a request to supplement or clarify responses to discovery documents, including entries in a privilege log.

{¶ 12} In this case, Cargotec responded to Westchester's request for discovery within three months, a reasonable time considering the number of documents involved. Appellee, on the other hand, did not challenge the sufficiency of the information in the log until a year later, after, coincidentally, summary judgment was filed against Westchester. Nothing in the record indicates that Cargotec willfully avoided responding to the original discovery request or was uncooperative; rather, it asserted that some of the information requested was privileged and attempted to support the assertion by filing the privilege log.

{¶ 13} In our view, privilege may be sufficiently established if the log states that communications were made between attorney and client for the purpose of procuring legal advice or representation. More detailed descriptions may risk revealing privileged information. Our review of the log reveals that it discloses records of communications between attorney and client, including Cargotec employees. It is unclear whether all the persons listed qualify as "clients." In this case, however, the trial court did not determine that the information was not privileged due to the nature of the communications or people involved, only that the log did not contain sufficient descriptions of what was included in those communications, according to federal case requirements, to establish that they were privileged. Furthermore, the court declined to conduct an in camera inspection of the numerous documents. Based on this lack of information, the trial court granted the motion to compel.

{¶ 14} After a complete review of the record, we conclude that appellant's request to clarify or add more complete descriptions was an attempt to comply with the requirements imposed by the court and was not unreasonable. As such, the "modifications" were merely supplemental information in response to Westchester's belated challenge. If the trial court determines that any of the communications do not fall within the attorney-client privilege or work-product doctrine, then such documents must be revealed. Therefore, we conclude that the trial court abused its discretion, since it was unreasonable to deny appellant

the opportunity to amend the log as a supplement to its response to the request for discovery.

{¶ 15} Accordingly, appellant's sole assignment of error is well taken.

{¶ 16} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

Judgment reversed
and cause remanded.

RICHARD W. KNEPPER and MARK L. PIETRYKOWSKI, JJ., concur.