ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} This interlocutory appeal arises from plaintiff Timothy Ray Smalley's action against defendants Friedman, Domiano, 
Smith L.P.A., Jeffrey H. Friedman, Perry R. Silverman Co., L.P.A., Perry R. Silverman, and two John Doe defendants (collectively referred to as "defendants") for legal malpractice. Plaintiff challenges the order of the trial court which denied his motion for a protective order, ordered him to comply with all outstanding discovery requests filed by defendants, and ordered him to produce the files of his former attorneys. For the reasons set forth below, we affirm.
 {¶ 2} In 1996, plaintiff, a former carman for the Norfolk and Western Railway Company ("N W"), filed a complaint against N 
W in the Franklin County Court of Common Pleas under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, alleging that he was injured in the course of his employment when a chemical solvent splashed on him, and that he was regularly and continuously exposed to a variety of toxic chemicals.
 {¶ 3} In the course of that litigation, plaintiff and N W stipulated as follows:
 {¶ 4} "Plaintiff contends that he sustained a psychological injury as a result of his alleged exposure to Safety-Kleen during the course of his employment at Norfolk Western Railway Company. All claims asserting that Plaintiff sustained actual physical injury as a result of exposure to Safety-Kleen or other chemicals during the course of his employment at Norfolk 
Western Railway Company are hereby withdrawn."
 {¶ 5} N W moved for summary judgment and argued that it was not liable to plaintiff because he could not demonstrate he was placed within the "zone of danger" as required for FELA claims for negligent infliction of emotional distress. The trial court granted N W's motion, but the Franklin County Court of Appeals reversed and remanded the matter concluding that plaintiff had raised a genuine issue of material fact as to whether or not he was within the zone of danger. See Smalley v. Norfolk WesternRy. (Sep. 2, 1999) Franklin App. No. 99AP-147.
 {¶ 6} Thereafter, on June 19, 2002, plaintiff filed the instant action for legal malpractice against defendants and alleged that "a law firm, Cole Lewis, was asked by the plaintiff to take over representation in that suit and found defendants, Jeffrey H. Friedman, and defendant, Friedman, Domiano Smith Co., L.P.A., and * * * advised plaintiff on or about November 13, 2000 they would review the facts and they would take the case granted they were provided more time by the trial judge in Case No. 96 CVC 096750, which was then set for trial on or about January 23, 2001. * * * [D]efendants jointly, independently and concurrently provided the plaintiff with a dismissal entry advising the plaintiff that plaintiff should dismiss the above-captioned case * * *, without prejudice, * * * and that plaintiff would have a right to refile that claim within one year, that is, by January 5, 2002, and thereafter, on or about June 21, 2001, defendants Jeffrey H. Friedman and Friedman Domiano Smith Co., L.P.A, stated that on their behalf and on behalf of defendant Perry R. Silverman, that they were unwilling to refile or pursue the case * * *."
 {¶ 7} Plaintiff further alleged that, after the FELA limitations period expired, he learned that such actions are not subject to the savings statute,[1] and that due to the negligence of defendants, he lost his right to seek redress for his FELA claim.
 {¶ 8} Defendants denied liability. Thereafter, on August 14, 2003, defendants filed a subpoena seeking Cole Lewis's "records of your firms's representation of Timothy R. Smalley." Defendants also sought plaintiff's medical records and planned to depose plaintiff's treating physicians. Plaintiff filed a motion for a protective order and asserted that Cole Lewis's records were protected by the attorney-client privilege, and filed a separate motion for a protective order to bar discovery of all witnesses and documents pertaining to the underlying FELA case. In response, defendants filed a motion to compel discovery. On October 9, 2003, the trial court denied plaintiff's motions for protective orders, ordered plaintiff to comply with all outstanding discovery requests filed by defendants, granted defendants' motion to compel discovery, and ordered plaintiff to produce discovery of any and all witnesses and documents associated with the underlying FELA case. Plaintiff now appeals and assigns two errors for our review. Defendant contends that we are without jurisdiction over this matter because the trial court's order was not final and appealable.
 {¶ 9} R.C. 2505.02, defines final appealable orders in pertinent part as follows:
 {¶ 10} "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."
 {¶ 11} In State v. Muncie, 91 Ohio St.3d 440, 446,2001-Ohio-93, 746 N.E.2d 1092, the Supreme Court set forth the following test for determining when an order is final:
 {¶ 12} "* * * an order is a `final order' if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding — a proceeding that the General Assembly calls a `provisional remedy,' (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. See, also, R.C. 2505.02(A)(3) (defining `provisional remedy')."
 {¶ 13} A provisional remedy is a remedy other than a claim for relief. State ex rel. Butler County Children Servs. Bd. v.Sage, 95 Ohio St.3d 23, 2002-Ohio-1494, 764 N.E.2d 1027. As used in R.C. 2505.02, a "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
 {¶ 14} In this instance, the challenged order grants a provisional remedy, as the discovery of privileged matter is expressly listed as a provisional remedy under R.C. 2505.02.
 {¶ 15} In addition, the order determined the action with respect to the provisional remedy and prevented a judgment with respect to plaintiff as to that remedy. Moreover, we hold that if plaintiff were required to wait until there is a final judgment as to all proceedings, issues, claims and parties before obtaining review of the order, he would be denied a meaningful or effective remedy. As stated in Schottenstein, Zox Dunn v.McKibben, Franklin App. No. 01AP-1384, 2002-Ohio-5075:
 {¶ 16} "Once the client file is revealed, the bell will have rung, and, if in fact the file contains sensitive material, McKibben would have no adequate remedy on appeal."
 {¶ 17} We therefore hold that the trial court's order which denied the protective orders and compelled discovery does in fact constitute a final appealable order. Accord State ex rel. ButlerCounty Children Servs. Bd. v. Sage, supra (entry that granted the provisional remedy ordering the discovery of the allegedly privileged record was final and appealable order); Abbuhl v.Orange Village, Cuyahoga App. No. 82203, 2003-Ohio-4662 (the trial court's order requiring plaintiff to produce for defendants all of his "individualized billings" was a final appealable order.); Nester v. Lima Memorial Hosp., 139 Ohio App.3d 883,885-886, 2000-Ohio-1916, 745 N.E.2d 1153 (trial court's order granting defendant's motion to compel and ordering disclosure of plaintiff's complete medical history was a final appealable order.).
 {¶ 18} Plaintiff's first assignment of error states:
 {¶ 19} "The trial court erred by denying Plaintiff's Appellant's (sic) Motion for a Protective Order and ordering that Plaintiff Appellant produce all outstanding discovery requests with regard to the files kept by Mr. Smalley's former Attorney, Richard Lewis."
 {¶ 20} Within this assignment of error, plaintiff insists that the records of his previous counsel should not be disclosed because they are protected by the attorney-client privilege.
 {¶ 21} We note that this court reviews an order granting or denying a motion for a protective order for an abuse of discretion, and such order will not be reversed absent an abuse of that discretion. Ruwe v. Bd. of Springfield Twp. Trustees
(1987), 29 Ohio St.3d 59, 61, 441, 505 N.E.2d 957; Cargotec,Inc. v. Westchester Fire Ins. Co., 155 Ohio App.3d 653,2003-Ohio-7257, 802 N.E.2d 732.
 {¶ 22} Pretrial discovery orders pertaining to the issue of privilege are likewise reviewed for an abuse of discretion.Abbuhl v. Orange Village, supra, citing Radovanic v. Cossler
(2000), 140 Ohio App.3d 208, 213, 746 N.E.2d 1184. AccordLightbody v. Rust (2000), 137 Ohio App.3d 658,739 N.E.2d 840, (attorney-client privilege).
 {¶ 23} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140;Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,662 N.E.2d 1.
 {¶ 24} R.C. 2317.02(A) states:
 {¶ 25} "The following persons shall not testify in certain respects:
 {¶ 26} "(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject * * *."
 {¶ 27} In H D Steel Serv. v. Weston, Hurd, Fallon, Paisley Howley (July 23, 1998), Cuyahoga App. No. 72758, this court stated:
 {¶ 28} "Privilege is the cornerstone upon which the attorney-client relationship is founded." The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest in the observance of law and administration of justice." Upjohn Co. v. United States (1981),449 U.S. 383, 389, 66 L.Ed.2d 584, 101 S.Ct. 677. It bestows upon a client the privilege to refuse to disclose, and to prevent others from disclosing, confidential communications made between the attorney and client in the course of seeking or rendering legal advice. Frank W. Schaefer, Inc. v. C. Garfield MitchellAgency, Inc. (1992), 82 Ohio App.3d 322, 329, 612 N.E.2d 442. While this privilege is not absolute, it is to remain inviolate unless it is clearly waived. "Communications made by a client to his attorney, with a view to professional advice or assistance, are privileged; and courts will not require nor permit them to be divulged by the attorney, without the consent of his client, whose privilege it is." King v. Barrett (1860),11 Ohio St. 261, paragraph one of the syllabus; see, also, State v. Shipley
(1994), 94 Ohio App.3d 771, 775, 641 N.E.2d 822. The privilege belongs to the client, and the only materials protected are those which involve communications with the client's attorney. FrankW. Schaefer, supra at 329. As such, only the client can waive the attorney-client privilege. State v. Today's Bookstore, Inc.
(1993), 86 Ohio App.3d 810, 818, 621 N.E.2d 1283.
 {¶ 29} Moreover, it is axiomatic only the client can waive the attorney-client privilege. See State v. Today's Bookstore,Inc. (1993), 86 Ohio App.3d 810, 818, 621 N.E.2d 1283, cause denied (1993), 66 Ohio St.3d 1522, 614 N.E.2d 1051; H D SteelService, Inc. v. Weston, Hurd, Fallon, Paisley Howley, supra. Absent express consent, it is not within the power of the client's attorney to waive that privilege. See Maust v. Palmer
(1994), 94 Ohio App.3d 764, 768, 641 N.E.2d 818; State v.Shipley (1994), 94 Ohio App.3d 771, 775, 641 N.E.2d 822.
 {¶ 30} In H D Steel Serv. v. Weston, Hurd, Fallon, Paisley Howley, supra, this court adopted the test set forth in Hearnv. Rhay (E.D.Wash. 1975), 68 F.R.D. 574, and determined that a privilege is impliedly waived if:
 {¶ 31} "* * * (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. * * * "
 {¶ 32} Applying the foregoing to this matter, we are unable to conclude that the trial court abused its discretion in denying plaintiff's motion for a protective order, and we are unable to conclude that the court abused its discretion in determining that the records were not protected by the attorney-client privilege. In filing this action for legal malpractice in which he alleged that "a law firm Cole Lewis was asked by the plaintiff to take over representation in that suit and found defendants, Jeffrey H. Friedman, and defendant, Friedman, Domiano Smith Co., L.P.A.," plaintiff impliedly waived his attorney-client privilege with Cole Lewis by putting the privileged information directly in issue. Moreover, in his response to defendant's interrogatories, plaintiff indicated that his attorneys had personal knowledge of the matters set forth in his complaint, and that his entire case file would be used as an exhibit at trial. Accordingly, we conclude that plaintiff put the otherwise privileged information directly at issue in this case, and without access to the file, defendants will be denied information which is vital to their defense of this allegation.
 {¶ 33} Plaintiff's first assignment of error is without merit.
 {¶ 34} Plaintiff's second assignment of error states:
 {¶ 35} "The trial court erred to the prejudice of Plaintiff-Appellant when it overruled Plaintiff's Motion for a Protective Order filed September 17, 2003 and ordered Plaintiff to produce discovery of any and all witnesses and documents associated with the underlying FELA case involving plaintiff."
 {¶ 36} After defendants sought to obtain discovery in connection with plaintiff's injuries in the initial FELA matter and sought to depose plaintiff's treating physicians, plaintiff moved for a protective order, asserting that he had dismissed all claims for physical injuries, and the FELA matter was ultimately remanded solely as to plaintiff's emotional injuries.
 {¶ 37} As noted previously, the discovery order at issue determined the action with respect to a provisional remedy and prevented a judgment with respect to plaintiff as to that remedy. Moreover, if plaintiff were required to wait until there is a final judgment as to all proceedings, issues, claims and parties before obtaining review of the order, he would be denied a meaningful or effective remedy. Therefore, this ruling is a final appealable order.
 {¶ 38} Civ.R. 26(B)(1) provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other party." The test for relevancy under Civ.R. 26 is much broader than the test utilized for admissibility at trial. Only information which will not reasonably lead to discovery of admissible evidence is deemed irrelevant. Tschantz v. Ferguson (1994), 97 Ohio App.3d 693,647 N.E.2d 507.
 {¶ 39} Plaintiff insists that by application of the law of the case, these records are not relevant since he dismissed his claims for physical injuries in the underlying FELA case.
 {¶ 40} As an initial matter, we note, with regard to the issue of relevancy as applied to this matter, that the elements of a claim for attorney malpractice are: (1) the attorney owed a duty; (2) there was a breach of that duty and the attorney failed to conform to the standard of care required by law; and (3) there was a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall, 77 Ohio St.3d 421,1997-Ohio-259, 674 N.E.2d 1164. The court explained:
 {¶ 41} "We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim."
 {¶ 42} In this matter, plaintiff filed a civil action against defendants for failing to pursue his claim for psychological injury as a result to chemical exposure. In order to show the merits of the underlying action, plaintiff was required to show that he sustained physical impact or was placed in the immediate risk of physical harm. See Smalley v. Norfolk Western Ry.,
supra. The Smalley court further stated:
 {¶ 43} "The fact that appellant withdrew his bodily injury claims does not mean that in his claim for negligent infliction of emotional distress, appellant may not present evidence of physical injury. All of the facts surrounding appellant's alleged emotional injuries, including any physical contact with Safety-Kleen or other chemicals, may be relevant to appellant's remaining claim for negligent infliction of emotional distress. Certainly such evidence is relevant under the zone of danger test." Id., at 11.
 {¶ 44} In accordance with the foregoing, the communications are relevant and the law of the case does not alter this determination, as the Smalley court specifically stated that evidence of plaintiff's physical injury is relevant under the zone of danger test.
 {¶ 45} With regard to the issue of privilege, it is well-settled that as a general rule, a physician or dentist may not testify about any communication the patient made to the physician or dentist or any advice that person gave to the patient. R.C. 2317.02(B)(1). A communication includes "any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis." R.C. 2317.02(B)(5)(a).
 {¶ 46} The testimonial privilege does not apply, however, when the patient files a medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code. R.C. 2317.02(B)(1)(a)(iii). In this instance, "a physician or dentist may be compelled * * * to submit to discovery under the Rules of Civil Procedure only as to a communication * * * that related causally or historically to physical or mental injuries that are relevant to issues in the * * * civil action * * *." R.C. 2317.02(B)(3)(a). See, generally,Patterson v. Zdanski, Belmont App. No. 03 BE 1, 2003-Ohio-5464.
 {¶ 47} In accordance with the foregoing, plaintiff's communications to his physicians, including medical records, which are related causally or historically to physical or mental injuries that are relevant to issues in his civil action are not privileged.
 {¶ 48} Therefore, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a protective order as communications which are causally or historically related to the injuries he sustained in the accident are not privileged. Moreover, the records contain information that is relevant to the defense of plaintiff's action for attorney malpractice and are therefore discoverable.
 {¶ 49} The second assignment of error is overruled.
 {¶ 50} The judgment is affirmed.
Judgment affirmed.
Celebrezze, Jr., and Calabrese, Jr., JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] See Burnett v. New York Central Railway Company (1965),380 U.S. 424, 13 L.Ed.2d 941, 85 S.Ct. 1050; see, also, Cerneyv. Norfolk Western Ry. Co. (May 25, 1995),104 Ohio App.3d 482, 662 N.E.2d 827.