{¶ 23} Because I believe the trial court did not abuse its discretion in granting the protective order without an in camera inspection, I respectfully dissent.
 {¶ 24} Although the Supreme Court of Ohio appears to favor an in camera inspection under these circumstances, and that may be the best practice, the court has never required such an inspection when a party has raised a claim of confidentiality pursuant to R.C. 2305.24 or former R.C. 2305.251. State ex rel. Grandview Hospital Medical Ctr. v.Gorman (1990), 51 Ohio St.3d 94, 96; Yancey v. Woodson (Dec. 15, 1989), Lucas App. No. L-88-231. In fact, it is well-established that a trial court enjoys considerable discretion in the regulation of discovery matters. Manofsky v. Goodyear Tire Rubber Co. (1990),69 Ohio App.3d 663, 668, citing State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 63. The decision whether to grant or deny a protective order is within the trial court's discretion and will not be reversed absent an abuse of that discretion. Ruwe v. Bd. of SpringfieldTwp. Trustees (1987), 29 Ohio St.3d 59, 61; Cargotec, Inc. v. WestchesterFire Ins. Co., 155 Ohio App.3d 653, 2003-Ohio-7257, at ¶ 9. Accordingly, I do not believe that a trial court must conduct an in camera inspection whenever there is a claim of privilege. Oriana House,Inc. v. Montgomery, Franklin App. No. 03AP-1178, 2004-Ohio-4788, at ¶ 38; Doe, supra (finding that trial court acted within its discretion by conducting in camera inspection); cf. State ex rel. Rogers v. McGeeBrown (1997), 80 Ohio St.3d 408, 410 (plenary authority vests discretion with court). Nor do I believe that the trial court abused its discretion in failing to conduct an in camera inspection here.
 {¶ 25} In the case at bar, the trial court did not abuse its discretion because it had sufficient information before it to assess the applicability of the quality assurance privilege without an in camera inspection. The trial court had appellant's discovery requests and the responses from OSUMC. The trial court also had substantive briefs from both parties as well as an affidavit from Dr. Mangino, who explained the role of the hospital's Department of Epidemiology and Infection Control Committee in testing for the presence of the legionella bacteria. Significantly, Dr. Mangino stated that the test results and related reports were not made available to any individuals or committees outside the Infection Control Committee and are not part of any individual patient's medical record. That committee is a quality assurance committee which addresses issues concerning appropriate changes in the care and treatment rendered to patients and the hospital procedures concerning the quality of care provided to patients at OSUMC. Appellant offered nothing that called Dr. Mangino's testimony into question. Although the trial court might have been able to verify Dr. Mangino's assertions had it conducted an in camera inspection of the documents, I do not believe it was an abuse of discretion to grant the protective order without such an inspection. Given the nature of the discovery requests and the substance of Dr. Mangino's affidavit, the trial court's decision to grant the protective order without an in camera inspection was not unreasonable, arbitrary or unconscionable.
 {¶ 26} I recognize that this court reached a different conclusion inGates v. Brewer (1981), 2 Ohio App.3d 347. However, the evidence before the court in Gates was substantially different from that presented here. In Gates, this court considered a trial court's failure to hold an in camera inspection of allegedly confidential documents. Specifically, a hospital filed a motion to quash a subpoena and for a protective order to prevent plaintiff from obtaining documents and testimony the hospital claimed were confidential pursuant to former R.C. 2305.251. The trial court granted those motions without an in camera inspection. This court found error in the trial court's decision to grant those motions without first holding an in camera inspection, noting that there was "no indication as to the information, records and documents which plaintiffs subpoenaed or as to the nature of the testimony" plaintiffs were seeking. The court noted that the subpoena served on the hospital was a broad, generalized request for documents. Gates, at 351. Without stating what standard of review it applied, this court reversed the trial court's decision and remanded the matter for the trial court to hold an in camera inspection of the requested information. Unlike the instant case, there was nothing in Gates to indicate that the information sought was only provided to a quality assurance committee. The other cases cited by the majority in support of its conclusion that an in camera inspection is mandatory offer very little analysis of the issue and they all rely uponGates.
 {¶ 27} Because the trial court had information before it that the documents sought were generated at the request of a quality assurance committee and disseminated only to the members of the quality assurance committee, the trial court did not abuse its discretion by granting OSUMC a protective order without conducting an in camera inspection. Therefore, I would overrule appellant's first assignment of error.