NOT FOR FULL-TEXT PUBLICATION
File Name: 09a0089n.06
Filed: February 3, 2009

No. 08-3809

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


A & H MANAGEMENT SERVICES, INC.

        Plaintiff-Appellee,

                                    ON APPEAL FROM THE

v.                               UNITED STATES DISTRICT
                                      COURT FOR THE NORTHERN

CHAFFLOSE CORPORATION,       DISTRICT OF OHIO

        Defendant-Appellant.

_____/

BEFORE:    SUHRHEINRICH, GRIFFIN and KETHLEDGE; Circuit Judges.

      **SUHRHEINRICH, Circuit Judge**.  In this diversity action, Defendant Chafflose Corporation ("Chafflose") appeals from the district court's order granting Plaintiff A&H Management Services, Inc.'s ("A & H") motion to compel specific performance of a settlement agreement.  Chafflose argues that the district court improperly considered mediation counsel's testimony and other email evidence in determining that the parties reached an oral settlement agreement at mediation because those items were privileged under Ohio's Uniform Mediation Act, OHIO REV. CODE ANN. §§ 2710.01-2710.10 (West 2005) ("Mediation Act").  Chafflose also argues that the attorney representing Chafflose did not have authority to bind Chafflose to any agreement and that an email sent by that attorney to the American Arbitration Association ("AAA") was protected by the attorney-client privilege under OHIO REV. CODE ANN. § 2317.02(A) (West 2005).

      The record in this case fully supports the district court's holding that an oral settlement

agreement was reached between the parties. Chafflose waived any privileges in the testimony and other email evidence because Koji Sasaya, principal representative for Chafflose, filed an affidavit in the district court explaining his understanding of the mediation. *See* OHIO REV. CODE ANN. § 2710.04(B) (West 2005) (stating that a "person that discloses or makes a representation about a mediation communication that prejudices another person in a proceeding is precluded from asserting a privilege under [the Mediation Act]"). We further agree with the district court's finding that Chafflose's counsel had apparent authority to bind Chafflose to the agreement. *See Ohio State Bar Assn v. Martin*, 886 N.E.2d 827, 834 (Ohio 2008). Finally, the email sent to the AAA conveyed Sasaya's request that the parties "conclude the settlement and all related details prior to September 1." It was not protected by the attorney-client privilege because it was not intended to be confidential. *See State v. Shipley*, 641 N.E.2d 822, 825 (Ohio Ct. App. 1994) ("The attorney-client privilege applies to communications made by clients to their attorney with the intent that the communications remain confidential."). Therefore, the district court did not abuse its discretion in considering the email to the AAA.

In sum, we **AFFIRM** the judgment of the district court for the reasons stated in its opinion dated June 16, 2008.