[Cite as *Parks v. Colburn*, 2018-Ohio-4595.]

| | |
|---|---|
| MICHAEL R. PARKS | Case No. 2018-00879PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | DECISION |
| TIM COLBURN,<br>THE BERGER HOSPITAL | |
| Respondent | |

{¶1} Before the court are (1) written objections filed on September 17, 2018, by requester Michael R. Parks to a report and recommendation issued on September 11, 2018, by a special master of this court, and (2) written objections filed on September 28, 2018, by respondent, Tim Colburn, The Berger Hospital (Berger Hospital), to the special master's report and recommendation of September 11, 2018. The matter, which is fully briefed, is before the court for decision.

## I. Background

{¶2} On May 21, 2018, Parks filed a complaint against Berger Hospital, alleging a denial of access to public records. The court appointed attorney Jeffery W. Clark as a special master in the cause. Special Master Clark referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the docket of Special Master Clark.

{¶3} On July 9, 2018, Berger Hospital, through counsel, moved to dismiss Parks' complaint, contending that Parks' request should be denied because, among other things, Parks sought attorney-client communications or attorney work product. On August 3, 2018, Special Master Clark ordered Berger Hospital to file certain documents under seal. And on September 11, 2018, Special Master Clark issued a report and recommendation wherein he recommended denying Berger Hospital's motion to dismiss and determining the matter on the merits. In the report and recommendation

Special Master Clark made specific findings related to Berger Hospital's claimed privileges. And in the conclusion of the report and recommendation Special Master Clark "recommend[ed] that the court grant Parks' claim for partial production of the withheld records from Request No. 2 as detailed [on pages 9-11 of the report and recommendation] and deny all other claims." (Report and Recommendation, 11.) Special Master Clark further "recommend[ed] that costs be assessed equally between the parties." (Report and Recommendation, 11.)

{¶4} Four business days after Special Master Clark issued his report and recommendation—on September 17, 2018—Parks filed a document labeled "Requester's Objection." A review of Parks' filing discloses that Parks' filing is not accompanied by a completed proof of service that states the date and manner of service, that specifically identifies how service was effected, and that was signed in accordance with Civ.R. 11.

{¶5} On September 28, 2018—which, according to the court's records, was seven business days after Berger Hospital received a copy of Special Master Clark's report and recommendation of September 11, 2018—Berger Hospital filed written objections to Special Master Clark's report and recommendation. According to a certificate of service accompanying Berger Hospital's written objections, Berger Hospital's counsel—attorney Maria J. Armstrong—certified that a true copy of respondent's written objections "was sent via regular U.S. mail, postage prepaid" to Parks on September 28, 2018.

{¶6} On October 9, 2018—which, according to the court's records, was six business days after Berger Hospital received a copy of Parks' written objections—Berger, through counsel, filed a response to Parks' objections. According to a certificate of service accompanying Berger Hospital's written objections, attorney Maria J. Armstrong certified that a true copy of respondent's written objections "was sent via regular U.S. mail, postage prepaid" to Parks on October 9, 2018.

**Law and Analysis**

{¶7} R.C. 2743.75(F)(2) governs objections to a report and recommendation issued by a special master of this court relative to a public-records dispute. Pursuant to R.C. 2743.75(F)(2):

> Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

**A. Neither Parks nor Berger Hospital has complied with R.C. 2743.75(F)(2)'s requirements for service of written objections and responses.**

{¶8} Based on the court's review of the parties' written objections, neither party has complied with R.C. 2743.75(F)(2)'s requirements for service of written objections to a special master's report and recommendation. Specifically, a review of Parks' filing discloses that Parks' filing is not accompanied by any completed proof of service. Thus, Parks has failed to comply with R.C. 2743.75(F)(2)'s provision that requires a party who objects to a special master's report and recommendation to send a copy of the written objection to the other party by certified mail, return receipt requested. And, absent any completed proof of service accompanying Parks' motion or a separately filed proof of service, it is arguable whether the court should consider Parks' written objections. *See* Civ.R. 5(B)(4) (requiring a served document to be accompanied by a completed proof of service and stating that documents filed with the court "shall not be considered until

proof of service is endorsed thereon or separately filed"); *see also* R.C. 2743.03(D) (providing that the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]").

{¶9} Berger Hospital also has failed to comply with R.C. 2743.75(F)(2)'s provision that requires a party who objects to a special master's report and recommendation—and who files a response to another party's objection—to send a copy of the written objection and response to the other party by certified mail, return receipt requested. In this instance, in a certificate of service accompanying Berger Hospital's written objections, Berger Hospital's counsel certified that she sent a copy of Berger Hospital's written objections "via regular U.S. mail, postage prepaid" to Parks on September 28, 2018, and in a certificate of service accompanying Berger Hospital's response to Parks' objections, Berger Hospital's counsel certified that she sent a copy of Berger Hospital's response to Parks "via regular U.S. mail, postage prepaid" on October 9, 2018

{¶10} The court determines that Parks and Berger Hospital have failed to comply with R.C. 2743.75(F)(2)'s requirements for service of written objections. And the court further determines that Berger Hospital has failed to comply with R.C. 2743.75(F)(2)'s requirements for service of a response to another party's objections.

### B. Parks' objections are not well-taken.

{¶11} Assuming for the sake of argument that Civ.R. 5(B)(4) and R.C. 2743.75(F)(2) should be construed to permit this court to consider Parks' written objections, the court finds that Parks' objections are not well-taken. In a summary in his written objections Parks states:

> Parks asks the Court to reexamine Respondent's use of 'Berger'. Respondent uses 'Berger' to create an illusion that all "Berger" (s) are part of the real The Berger Hospital.

> Parks asserts that the Respondent and his legal counsel have been serving their own interests and that they have at no time been employed by the Owners of The Berger Hospital to represent them or the interests of the citizens of Pickaway County in this matter.
>
> Parks asserts that the Respondent has been less than forthcoming with his responses.
>
> Parks requests that The Berger Hospital be **_ordered_** to answer Parks' complaint.
>
> The main public record sought by Parks has been the written authorization by The Berger Hospital to Bricker & Eckler LLP hiring their services in the Facebook matter.

Based on the court's independent review, Parks' summary does not call the court's attention to any purported error relative to the special master's findings of fact or conclusions of law. Moreover, Parks' request for the court to order respondent to file an answer to Parks' complaint is not well-grounded because R.C. 2743.75(E)(2) permits a public office or person responsible for public records to file a motion to dismiss instead of filing response. *See* R.C. 2743.75(E)(2) (providing that, within ten business days after the termination of mediation or notification to the court that a case was not referred to mediation under R.C. 2743.75(E)(1), the public office or person responsible for public records "shall file a response, and if applicable, a motion to dismiss the complaint, with the clerk of the court of claims and transmit copies of the pleadings to the allegedly aggrieved party"). Here, Berger Hospital filed a motion to dismiss in accordance with R.C. 2743.75(E)(2).

{¶12} Therefore, even assuming that the Parks' objections are properly before the court, the court finds that Parks' objections are not well-taken. The court determines that Parks' objections should be overruled.

### C. Berger Hospital's objections are well-taken.

{¶13} Although Berger Hospital's written objections are procedurally deficient under R.C. 2743.75(F)(2), the court finds that Berger Hospital's objections have merit.

In the introduction of Berger Hospital's written objections, Berger Hospital sets forth its objections, stating:

> * * * The Special Master's Report and Recommendation is largely correct. It correctly finds Request No. 1 to be an "improper and unenforceable request for a document that does not exist," or, alternatively, an "ambiguous, overly broad, and unenforceable request." It also correctly finds that Request No. 2 was similarly an "improperly ambiguous, overly broad and unenforceable," which should have been the end of the inquiry.
>
> The Report and Recommendation goes further, however, and correctly finds that the content of the emails in question is protected by the attorney-client privilege or work product. The Report and Recommendation, however, is then internally inconsistent by nonetheless recommending enforcement of the unenforceable request by ordering Berger to produce the emails in question, redacted to the point where they no longer constitute a public record and no longer contain information responsive to the request. This recommendation is also inconsistent with the plain text of the Public Records Act and Ohio Supreme Court precedent which establishes that Berger may properly withhold these emails in their entirety.
>
> * * * Berger submits to this Court that it should concur with the Special Master's Report and Recommendation entirely as it pertains to Request No. 1 and only insofar as the Report and Recommendation finds that Request No. 2 was "improperly ambiguous, overly broad and unenforceable."
>
> Alternatively, should the Court decide to address the issues of attorney-client privilege and work product, Berger respectfully submits that the Court should concur with the Report and Recommendation only insofar as it determines that the content of the emails at issue is protected under the attorney-client privilege or work product. Berger asks this Court to reject that portion of the Report and Recommendation which requires heavy redaction of privileged material and find that Berger has properly withheld those emails, consistent with the plain text of the Public Records Act and Ohio Supreme Court precedent. Berger respectfully submits that the Court should reject the Special Master's recommendation that Berger produce some header information and signature blocks of the emails in question.

{¶14} In the report and recommendation, Special Master Clark identified Parks' Request No. 2 as follows:

> Please list all entities in which 'Berger' has an interest.
> Also consider this my last request for any records possessed by 'Berger'
> or any other entity that they may be privy to regarding the following
> records:
>
> Records that discuss me in regard to my Facebook page being removed
> by your law firm.
> ***
> ("Request No.2") (Complaint, Exhibit A.)

(Report and Recommendation, 1.)   And Special Master Clark stated: "I find that the wording of Request No. 2 constitutes an improperly ambiguous, overly broad, and unenforceable request."  (Report and Recommendation, 5.)  Special Master Clark also stated:

> In the context of Parks' previous requests regarding corporate entities to which Berger belonged, Berger provided records, invitations to discuss and revise, and explanatory information, stopping short only of Parks' request that Berger rewrite his request for him.  (Response at 5-7).  I conclude that Berger has made good faith efforts to assist Parks with this request that satisfied R.C. 149.43(B)(2).  I further find that, to the extent that Berger has answered the implied or embedded request for a list of entities in which Berger "*has a legal interest*," Berger has rendered this request moot.

(Report and Recommendation, 5.)

{¶15} Upon independent review, the court determines that Special Master Clark correctly found that Request No. 2 constitutes an improperly ambiguous, overly broad, and unenforceable request and that Special Master Clark correctly concluded that Berger Hospital made good faith efforts to assist Parks with his request that satisfied R.C. 149.43(B)(2).  Because in this instance Request No. 2 constitutes an improperly ambiguous, overly broad, and unenforceable request, and because Berger Hospital made good faith efforts to assist Parks in satisfaction of R.C. 149.43(B)(2)

Berger Hospital arguably complied with its duty under Ohio public-records law.  *See, e.g.*, *Salemi v. Cleveland Metroparks*, 8th Dist. Cuyahoga No. 100761, 2014-Ohio-3914, ¶ 26-27, *aff'd* 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296 (noting that R.C. 149.43(B)(2) and Ohio case law require that a public records request be limited to those requests that are not ambiguous, overly broad, or all-encompassing and that R.C. 149.43(B)(2) mandates that the office or person responsible for public records, if faced with an overly broad request, is required to provide a requester with an opportunity to revise the request).

{¶16} In the report and recommendation Special Master Clark stated: "On review of the withheld documents *in camera*, I find that all are email communications between Berger Hospital CEO Tim Colburn, and legal counsel to Berger or counsel with common legal interest."  (Report and Recommendation 9.)  However, notwithstanding this finding, Special Master Clark then (1) determined that certain parts of the withheld documents were not covered by attorney-client privilege or the work-product doctrine, (2) proposed redactions based on his determinations relative to attorney-client privilege and the work-product doctrine, and (3) recommended partial production of the withheld records as set forth in the report and recommendation. (Report and Recommendation, 9-11.)

{¶17} Upon independent review, the court determines that Special Master Clark's recommendation for partial production of the withheld documents should not be adopted.  In *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, the Ohio Supreme Court discussed the concept of attorney-client privilege, explaining:

> "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States* (1998), 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379. As we explained in *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005 Ohio 1508, 824 N.E.2d 990, "'Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote

broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves the public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.' *Upjohn Co. v. United States* (1981), 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584; *Cargotec, Inc. v. Westchester Fire Ins. Co.*, 155 Ohio App.3d 653, 2003 Ohio 7257, 802 N.E.2d 732, ¶ 7. '[B]y protecting client communications designed to obtain legal advice or assistance, the client will be more candid and will disclose all relevant information to his attorney, even potentially damaging and embarrassing facts.' (Footnote omitted.) 1 Rice, Attorney-Client Privilege in the United States (2d Ed.1999) 14-15, Section 2.3." *Leslie*, at ¶ 20.

*Squire, Sanders & Dempsey, L.L.P.* at ¶ 16. And in *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 27, the Ohio Supreme Court stated, "The attorney-client privilege 'does not require the communication to contain purely legal analysis or advice to be privileged. Instead, if a communication between a lawyer and client would facilitate the rendition of legal services or advice, the communication is privileged.' [*Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir.1991]." Additionally, in *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 21, the Ohio Supreme Court stated: "Under the attorney-client privilege, '(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.' *Reed v. Baxter* (C.A.6, 1998), 134 F.3d 351, 355-356; *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003 Ohio 3358, 790 N.E.2d 817, ¶ 12. Except under circumstances not relevant here, only the client can waive the privilege. * * * ." Here, given that Berger Hospital withheld the documents at issue and produced them pursuant to an order issued by a special master, it does not appear to the court that waiver applies in this instance.

{¶18} In *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, besides discussing the attorney-

client privilege, the Ohio Supreme Court also discussed the work-product doctrine, explaining at ¶ 54-55:

> The work-product doctrine emanates from *Hickman v. Taylor* (1947), 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451, in which the Supreme Court of the United States recognized that "[p]roper preparation of a client's case demands that [the attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. * * * This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways – aptly though roughly termed by the Circuit Court of Appeals in this case (153 F.2d 212, 223) as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served."
>
> Addressing these concerns, the work-product doctrine provides a qualified privilege protecting the attorney's mental processes in preparation of litigation, establishing "a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary." Hobley v. Burge (C.A.7, 2006), 433 F.3d 946, 949. However, as the Supreme Court of the United States has explained, "the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system," and the privilege afforded by the work-product doctrine is not absolute. *United States v. Nobles* (1975), 422 U.S. 225, 238, 95 S. Ct. 2160, 45 L. Ed.2d 141 and 239, 95 S. Ct. 2160, 45 L. Ed.2d 141.

{¶19} Based on the court's independent review of the withheld documents, the court determines that the withheld documents are protected by attorney-client privilege or the work-product doctrine. The court further determines that Special Master Clark's recommendations relative to the withheld documents should not be adopted.

## II. **Conclusion**

{¶20} For reasons set forth above, the court holds that Parks' written objections to Special Master Jeffery W. Clark's report and recommendation of September 11, 2018

should be overruled and that Berger Hospital's written objections to Special Master Jeffery W. Clark's report and recommendation of September 11, 2018 should be sustained. The court further holds that Special Master Clark's report and recommendation of September 11, 2018 should be adopted in part, rejected in part, and modified in part. The court also holds that Special Master Clark's report and recommendation of September 11, 2018, as modified, should be adopted.


PATRICK M. MCGRATH
Judge

[Cite as *Parks v. Colburn*, 2018-Ohio-4595.]

| | |
|---|---|
| MICHAEL R. PARKS | Case No. 2018-00879PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>JUDGMENT ENTRY</u> |
| TIM COLBURN,<br>THE BERGER HOSPITAL | |
| Respondent | |

{¶21} For the reasons set forth in the decision filed concurrently herewith, and upon independent review of the objected matters, the court OVERRULES requester's written objections to Special Master Jeffery W. Clark's report and recommendation of September 11, 2018, and the court SUSTAINS respondent's written objections to Special Master Clark's report and recommendation of September 11, 2018.

{¶22} The court adopts in part, rejects in part, and modifies in part Special Master Clark's report and recommendation of September 11, 2018. The court adopts, as modified, Special Master Clark's report and recommendation of September 11, 2018. Judgment is rendered in favor of respondent. Court costs are assessed against requester. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed October 16, 2018**
**Sent to S.C. Reporter 11/14/18**