[Cite as *Phillips v. Vesuvius USA Corp.*, 2020-Ohio-3285.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ROYSTON PHILLIPS,      ;

     Plaintiff-Appellee,      :

     v.      :

VESUVIUS USA CORPORATION,      :
ET AL.,

     Defendants-Appellants.      :

No. 108888

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, MODIFIED IN PART, AND REMANDED

**RELEASED AND JOURNALIZED:** June 11, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-904574

---

***Appearances:***

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., Ann-Marie Ahern, and John E. Moran, *for appellee.*

Jackson Lewis, P.C., Marla N. Presley, and Sabrina Brown; Kirkpatrick, Townsend & Stockton, L.L.P., and Adam H. Charnes, *for appellants.*

KATHLEEN ANN KEOUGH, J.:

**{¶ 1}** Defendants-appellants, Vesuvius U.S.A. Corporation ("Vesuvius") and Christopher Young (collectively "appellants"), appeal from the trial court's decision that granted the motion to compel discovery filed by plaintiff-appellee, Royston Phillips ("Phillips"). For the reasons that follow, we affirm, but modify the trial court's decision by ordering that the trial court conduct an in camera inspection of the personnel files and redact those documents contained therein that would be deemed irrelevant or confidential under the law.

**{¶ 2}** Phillips worked for Vesuvius and its predecessor entity for nearly 40 years before he was terminated. In 2018, Phillips filed a complaint against appellants alleging various causes of action including claims of age discrimination and retaliation. In December 2018, Phillips served appellants with his first set of interrogatories, requests for production of documents, and requests for admissions. Relevant to this appeal, those requests sought the personnel records of seven individuals purportedly relevant to the Phillips's claims. *See* Request for Production of Documents No. 10.

**{¶ 3}** In May 2019, Phillips filed a motion to compel discovery after appellants objected to the requested discovery information. Specific to the issue on appeal, appellants objected because (1) the personnel files are not relevant nor likely to lead to the discovery of admissible evidence; (2) appellants do not have possession, custody, or control over the requested personnel files; and (3) the European Union's ("EU") General Data Protection Regulation ("GDPR") and other

foreign laws preclude the production of these files. *See* Phillips's Motion to Compel, filed May 16, 2019.

{¶ 4} In their brief in opposition, appellants contended that the production of the requested documents and information is prohibited by the GDPR and cannot be produced without the consent of the individuals whose personnel files were requested. Appellants maintained that they were willing to provide relevant information regarding the requested employees, but only if Phillips "agree[d] to a protective order regarding the use and dissemination of said information and agree[d] to indemnify [appellants] should any levies or fines be assessed against them for producing the information." *See* Appellants' Brief in Opposition to the Motion to Compel, filed May 23, 2019. Phillips agreed to a protective order, but not indemnification.

{¶ 5} The trial court granted Phillips's motion to compel, ordering

Plaintiff's motion to compel discovery * * * is granted. Defendants shall provide responses to all outstanding discovery requests by 8/12/2019. Court declines to award attorneys [sic] fees at this time.

{¶ 6} Appellants now appeal, raising two assignments

## I. Final Appealable Order

{¶ 7} As an initial matter, Phillips contends that the order from which appellants appeal is not final or appealable and thus, this court does not have jurisdiction to consider the appeal.

{¶ 8} Appellate courts can only "review and affirm, modify, or reverse judgments or final orders." Ohio Constitution, Article IV, Section 3(B)(2). Before

this court can exercise jurisdiction over an appeal, the order of the lower court must meet the finality requirements of R.C. 2505.02. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10. Appellants contend that the order in this case is final under R.C. 2505.02(B)(4).

{¶ 9} Pursuant to R.C. 2505.02(B)(4), an order that grants or denies a provisional remedy is a final order if (a) "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and (b) "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 10} Discovery orders are generally interlocutory orders that are neither final nor appealable. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121, 676 N.E.2d 890 (1997). But a proceeding for discovery of a privileged matter is a "provisional remedy" within the meaning of R.C. 2505.02(A)(3). *Smith v. Chen*, 141 Ohio St.3d 1461, 2015-Ohio-370, 24 N.E.3d 1180, ¶ 5. The protection against discovery of matters identified as "privileged" in Civ.R. 26(B)(1) is limited to privileges derived from a specific constitutional or statutory provision. *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95, 554 N.E.2d 1297 (1990), citing *In re Story*, 159 Ohio St. 144, 147, 111 N.E.2d 385 (1953). The Ohio Supreme Court has recognized, however, that "other discovery protections that do not involve common-law, constitutional, or statutory guarantees

of confidentiality * * * may require a showing under R.C. 2505.02(B)(4)(b) beyond the mere statement that the matter is privileged." *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536. ¶ 2.

**{¶ 11}** Phillips contends that appellants have failed to withstand their burden of demonstrating that the personnel files are privileged, thus satisfying R.C. 2505.02(B)(4)(a) that the order involves a provisional remedy. Phillips relies on appellants' praecipe, claiming that it is a "mere statement" and does not provide any information or evidence to support a finding that the requested discovery falls under the GDPR or that the production of such information violates the GDPR. Appellants' praecipe provides:

> This case falls under R.C. 2505.02(B)(4) as the trial court's granting of [Phillips's] motion to compel in effect determines the action with respect to the production of the personnel files at issue and prevents a judgment in Appellants' favor on this issue. Appellants would not be afforded a meaningful or effective remedy by an appeal following final judgment as Appellants' production of these files violates European law and carries high potential fines against [Appellants] for unlawful production.

**{¶ 12}** However, a party is not required to conclusively prove the existence of privileged matters as a precondition to appellate review under R.C. 2505.02(B)(4). *Byrd v. U.S. Xpress, Inc.*, 2014-Ohio-5733, 26 N.E.3d 858, ¶ 12 (1st Dist.). "To impose such a requirement would force an appellate court 'to decide the merits of an appeal in order to decide whether it has the power to hear and decide the merits of an appeal.'" *Id.*, quoting *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 35 (10th Dist.). Instead, a party need only make

a "colorable claim" that materials subject to discovery are privileged in order to qualify as a provisional remedy. *Id.*; *see also Burnham* at ¶ 3, 29 (defendant "plausibly alleged" and made a "colorable claim" that the incident report was governed by the attorney-client privilege thus satisfying its burden that the report contains privilege information).

{¶ 13} In this case, we find that because appellants make a colorable claim that at least some of the information for which they seek protection is privileged or contains confidential information, the order qualifies as a provisional remedy.

{¶ 14} Next, we must consider whether the order determines the action with respect to the provisional remedy and prevents a judgment in favor of appellants regarding the provisional remedy. *See* R.C. 2505.02(B)(4)(a). In its response to Phillips's motion to compel, appellants claimed that they should not be ordered to produce personnel files of European citizens because the files contained confidential information whose release would violate the GDPR. Because the effect of the trial court's order is that confidential or protected information will be disclosed, the order has determined the action with respect to the provisional remedy. "Any order compelling the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials." *Burnham*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, at ¶ 21.

{¶ 15} Although we recognize that the trial court did not explain why it was granting the motion to compel or why the documents were not privileged, we can

glean from the record that the asserted protections under the GDPR were rejected because this was the only discovery privilege protection appellants sought. *See Burnham* at ¶ 27 (recognizing that although the trial court's order did not specifically state why it was compelling the production of the report, the Supreme Court was able to determine from the briefing "that the attorney-client privilege had been rejected and that it was the only remaining discovery protection being sought"). Ideally, "a trial court should explain why a motion to compel production has been granted. In that way, a reviewing court can determine the pertinent issues and whether the requirements of R.C. 2505.02(B)(4)(a) and (b) are satisfied." *Id.* at ¶ 28.

{¶ 16} Finally, we must consider whether appellants would be able to obtain meaningful relief by an appeal following the entry of final judgment. *See* R.C. 2505.02(B)(4)(b). Appellants seek to prevent the disclosure of alleged privileged and protected information. Because the trial court's order compels the production of material allegedly protected under a foreign law that may contain confidential and otherwise undiscoverable information, the order satisfies R.C. 2505.02(B)(4)(b) because there is no effective remedy other than an immediate appeal. *Burnham* at ¶ 25.

{¶ 17} Accordingly, we find the trial court's order is final and appealable but only insofar as it implicitly determined that the personnel files were not privileged or that they did not breach a protected interest in confidentiality. We decline to address appellants' argument that this court should exercise pendent jurisdiction

over its additional objection that it does not have "possession, custody or control" over the requested documents. That justification would not be grounds to make an otherwise interlocutory appeal immediately appealable under R.C. 2505.02(B)(4). Accordingly, we summarily disregard appellants' first assignment of error, which contends that the trial court improperly granted Phillips's motion to compel because the information "is not within Vesuvius's custody and control." This appeal is limited to the privileged nature of those personnel files.

## II.   Motion to Compel

{¶ 18} In their second assignment of error, appellants contend that "the trial court's decision improperly granted Phillips's motion to compel the production of six European citizens' personnel files and residential addresses without any safeguards in place." They frame the issue as:

> The trial court granted Phillips' motion to compel the production of six European citizens' personnel files and residential addresses without any safeguards in place, despite the fact that the discovery requests are overbroad, seek largely irrelevant information, and would require [appellants] and members of its group to violate the European citizens' privacy rights, the European Union's ("EU's") General Data Protection Regulation ("GDPR"), and national legislation in the EU countries at issue, exposing them to high fines, other enforcement measures, and/or civil litigation, notwithstanding the availability of alternative methods for requesting European documents and information in discovery under Chapter II of the Hague Convention.

{¶ 19} Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 151-152, 569 N.E.2d 875 (1991). However, whether the information sought in discovery is confidential and privileged "is a question of law that is reviewed de

novo." *Burnham v. Cleveland Clinic*, 2017-Ohio-1277, 88 N.E.3d 523, ¶ 8 (8th Dist.), citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 604 N.E.2d 808 (2d Dist.1992); *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶ 20} The GDPR concerns the data protection and privacy of all EU citizens and regulates the transfer of EU citizens' personal data outside of EU member states, such as the transfer to the U.S. *In re Mercedes-Benz Emissions Litigation*, D.N.J. Civil Action No. 16-cv-881 (KM) (ESK), 2020 U.S. Dist. LEXIS 15967, 5 (Jan. 30, 2020). The GDPR broadly defines personal data as "any information relating to an identified or identifiable natural person." *Id.*, quoting GDPR Article 4(1). "This broad definition of personal data inherently includes information like an individual's name and job title, information that is generally considered benign in U.S. litigation and * * * produced in discovery pursuant to the [rules of civil procedure]." *Id.*

{¶ 21} In a recent decision in the Northern District of California, the court concluded that the GDRP will not act as an absolute bar to domestic discovery. *Finjan, Inc. v. Zscaler, Inc.*, N.D.Cal. No. 17-cv-06946-JST (KAW), 2019 U.S. Dist. LEXIS 24570, (Feb. 14, 2019). "In general, a foreign country's statute precluding disclosure of evidence 'do[es] not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute.'" *Finjan* at 3, quoting *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 544,

107 S.Ct. 2542, 96 L.Ed.2d 461 (1987), fn. 29. *Aerospatiale* endorsed the balancing test contained in the Restatement of the Law 3d, Foreign Relations Law, Section 442(1)(c)(1987) in determining whether the foreign statute excuses noncompliance with the discovery order. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir.1992); *see also EnQuip Technologies Group, Inc. v. Tycon Technoglass, S.R.L.*, 2d Dist. Greene Nos. 2009 CA 42 and 2009 CA 47, 2010-Ohio-28, ¶ 88. Courts should consider:

> (1) the importance of the documents or other information requested to the litigation; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance would undermine important interests of the United States.

*Finjan* at 3, citing *Richmark Corp*, at 1475. These factors are not exclusive; courts may also consider "the extent and the nature of the hardship that inconsistent enforcement would impose upon the person," as well as "the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by the state." *Id.*

{¶ 22} As a threshold matter, in determining whether the compelled discovery at issue is protected from disclosure under the GDPR, the party relying on foreign law has the burden of showing such law bars production. *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, W.D. Ky No. 16CV-00024, 2019 U.S. Dist. LEXIS 44390, 30 (Mar. 18, 2019).

{¶ 23} Assuming without deciding that the personnel files and its contents fall would under the GDPR, we find that the factors weigh in favor disclosure.[1] The first factor — the importance of the documents or other information requested to the litigation — weighs in favor of discovery. Personnel records are basic discovery in employment-related cases. Accordingly, they are relevant and pertain to Phillips's claims of age discrimination and retaliation.

{¶ 24} The second factor, the degree of specificity of the request, also weighs in favor of disclosure. Phillips's request seeks the personnel records of only seven individuals related to Phillips's employment and termination with Vesuvius. This request is not overbroad.

{¶ 25} The third factor — whether the information originated in the United States — is unclear from the record. Although Phillips contends that it is likely that some of the information contained in the personnel files originated in the United States, appellants claim that because the personnel files are those of current and former executives of Vesuvius's affiliates in the United Kingdom, Belgium, and the Netherlands, the records originated and are maintained outside of the United States. This factor does not weigh in any party's favor because the record is insufficient for this court to make such determination.

---

[1] We note that courts throughout the United States, including a state court in Ohio, have repeatedly balanced the *Aerospatiale* factors in favor of discovery production when deciding whether foreign laws inhibit discovery in cases originating in the United States. *See, e.g., Finjan*; *Phoenix Process*; *EnQuip Techs. Group* (discussing Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995).

{¶ 26} With respect to the fourth factor — the availability of alternative means of securing the information — Phillips maintains that it has no other means of obtaining this information whereas appellants claim that Phillips can seek production through the procedures set forth under Chapter II of the Hague Convention. Based on the record before this court, requiring Phillips to undergo another avenue of seeking the requested documents, which have been requested for over a year, is not a viable alternative to the liberal discovery rules of Civ.R. 26. Accordingly, this factor weighs in favor of discovery.

{¶ 27} Finally, the fifth factor — the extent to which noncompliance would undermine important interests of the United States — weighs in favor of discovery. Ohio has a clear public policy prohibiting age discrimination and unlawful retaliation, and the information contained in the personnel files, e.g., location information of witnesses, is essentially a mandated disclosure under Civ.R. 26.

{¶ 28} Moreover, and much like in *Finjan*, appellants have failed to produce evidence that the disclosure of the personnel files would lead to hardship or an enforcement action from an EU data protection supervisory authority for breach of the GDPR. *See Finjan* at 10. Accordingly, after reviewing the factors, we find they weigh in favor of discovery production.

{¶ 29} Notwithstanding our conclusion, this court recognizes that documentation and information contained in the personnel files may exist that would otherwise be undiscoverable as irrelevant or confidential. *See Dubson v. Montefiore Homes*, 8th Dist. Cuyahoga No. 97104, 2012-Ohio-2384, ¶ 20-21;

*Howell v. Park E. Care & Rehab.*, 8th Dist. Cuyahoga No. 106041, 2018-Ohio-2054, ¶ 34-36 (personnel files may contain confidential information; redaction is the proper remedy).

## III. Conclusion

{¶ 30} Accordingly, we find that the trial court did not abuse its discretion in granting Phillips's motion to compel. However, we find that the trial court should have conducted an in camera inspection to review whether any of the information contained in the files is irrelevant and confidential material that would be otherwise undiscoverable. The assignment of error is therefore sustained, in part.

{¶ 31} Judgment affirmed in part, modified in part, and remanded. The trial court is ordered to conduct an in camera review of the personnel files and redact those documents that would be deemed confidential or otherwise undiscoverable under the law.

It is ordered that parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR