[Cite as *Stueber v. Ohio Turnpike & Infrastructure Comm.*, 2023-Ohio-1813.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JENNIFER L. STUEBER,                      :

    Plaintiff-Appellee,              :

                                    No. 111877

    v.                                         :

OHIO TURNPIKE AND
INFRASTRUCTURE COMMISSION,
ET AL.,                                               :

    Defendants-Appellants.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART; DISMISSED IN PART; REMANDED
**RELEASED AND JOURNALIZED:** June 1, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-958534

---

### *Appearances:*

Morganstern, MacAdams & DeVito, Co., L.P.A., Christopher M. DeVito, and Raymond J. Marvar, *for appellee.*

Marshall Dennehey Warner Coleman & Goggin, Keith Hansbrough, and Jillian L. Dinehart, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1}   In this appeal, we are asked to determine whether the allegations in plaintiff-appellee, Jennifer Stueber's ("Stueber"), wrongful termination complaint against her former employer, defendant-appellant, the Ohio Turnpike and Infrastructure Commission ("OTIC"), contain attorney-client privileged information.  The OTIC asks this court to dismiss Stueber's amended complaint and original complaint in full and asks for a protective order to prevent the exposure of privileged information through additional filings.[1]  Because of the lack of a final, appealable order, we do not have jurisdiction to address this, and we dismiss these portions of the OTIC's appeal.  Alternatively, the OTIC asks that we strike and seal the majority of the allegations in the amended complaint.  For the reasons set forth below, we affirm the portion of the trial court's judgment denying the OTIC's motion to strike the amended complaint, reverse the portion of the trial court's judgment denying the request to seal the amended complaint, and remand the matter for further proceedings.

## I.  Facts and Procedural History

{¶ 2}   In May 2015, the OTIC hired Stueber as general counsel.  Stueber served in that capacity from that time until her termination on November 9, 2021.  Stueber alleges she was wrongfully terminated for bringing to the OTIC's attention the requirement to follow Ohio's laws and regulations regarding contracts for public

---

[1] Insofar as the original complaint and amended complaint are identical, except for one cause of action, any reference herein to the "amended complaint" with regards to the motion to strike and seal encompasses both the original and amended complaints.

bidding. As a result of her termination, Stueber filed a complaint against the OTIC and 13 individuals (collectively referred to as "Individual Defendants") in January 2022. Stueber's complaint included causes of action for: (1) wrongful termination in violation of public policy (publicly bidding contracts over $50,000); (2) wrongful termination in violation of public policy (bylaws — signing authority); (3) wrongful termination in violation of public policy (cooperating with OIG records request); (4) wrongful termination in violation of public policy (public records requests); (5) retaliation; (6) emotional and mental distress (intentional and/or negligent); (7) interference with contractual relations; (8) discrimination; (9) civil conspiracy; and (10) Ohio public records requests. In response, the OTIC filed a motion to dismiss and to strike and seal the complaint. The Individual Defendants filed their own motion to dismiss.

{¶ 3} In April 2022, Stueber filed an amended complaint with identical causes of action, except for the retaliation claim, which she withdrew. In her amended complaint, Stuber set forth the circumstances surrounding her termination and included allegations regarding "advice" that she gave to the OTIC regarding the OTIC's contract-award process for public bidding and the OTIC's reliance or disregard of that advice.

{¶ 4} In response, the OTIC filed a motion to dismiss the amended complaint and a motion to strike and seal the amended complaint. The OTIC argued that Stueber, in her attempt to raise claims for wrongful termination, described internal conversations, her legal advice, and the strategic decisions of the OTIC, and

that this information should not be disclosed and available as a public record because the OTIC did not waive its attorney-client privilege. The OTIC contended that (1) the amended complaint fails to state a claim on which relief could be granted because it is based entirely on alleged facts covered by the attorney-client privilege and attorney-work product doctrine; (2) the trial court does not have jurisdiction over Stueber's claims because they belong in the Court of Claims; (3) Stueber failed to exhaust her administrative remedies before the Ohio Civil Rights Commission for her gender discrimination claim under Ohio Revised Code Chapter 4112; (3) the wrongful-termination-as-against-public-policy claims all fail because there are existing public enforcement mechanisms, and thus Stueber's claims are not needed to enforce the policy; (5) the emotional distress claim fails because termination, even for discriminatory purpose, is not outrageous conduct that is deserving of a separate emotional distress claim; (6) the claim for intentional interference with a contractual relationship was inappropriately brought against her employer; (7) the civil conspiracy claim is a derivative claim that relies on the survival of a separate claim for relief, and no separate claim for relief survives; and (8) the public records claim is insufficient to allege an untimely response in accordance with the case law.

{¶ 5} With regard to the motion to strike and seal, the OTIC requested that the court strike the amended complaint filed in April 2022, except for the allegations contained in paragraphs 2 and 154 through 158 (pertaining to the identity of the relevant parties and the public records claim). The OTIC further argued that the amended complaint should be fully sealed from public record to prevent further

dissemination of alleged attorney-client privileged information. In addition, the OTIC filed a motion to stay the case and for protective order, requesting that the trial court stay the entire case pending a decision on the attorney-client privilege issues and asking for a protective order to prevent Stueber from exposing privileged information through additional filings.

{¶ 6} The Individual Defendants also filed a motion to dismiss the amended complaint, arguing that the amended complaint be dismissed, in its entirety, because: (1) the trial court lacks jurisdiction over state employees; (2) the Individual Defendants are named in their official capacity; therefore, the claims are duplicative to those brought against the OTIC; (3) if jurisdiction is proper, then the Individual Defendants are entitled to sovereign immunity; and (4) Stueber cannot present facts to support her allegations without impermissibly violating attorney-client privilege.

{¶ 7} Stueber filed separate briefs, opposing these three motions. In her opposition to the OTIC's motion to dismiss and motion to strike and seal, Stueber agreed that her gender discrimination claim first required a right to sue letter from the Ohio Civil Rights Commission ("OCRC") for the trial court to have jurisdiction. She acknowledged that her amended complaint "errantly failed to withdraw Count Seven for gender discrimination when it was filed[, but] the Amended Complaint did withdraw the original complaint's count five claim for retaliation under R.C. 4112." She then stated that the court "may dismiss[ ] or should stay the gender discrimination claim under Count Seven, because Stueber has already filed an

[OCRC] complaint to commence the administrative process and a right to sue letter should be forthcoming in the very near future." In a footnote, Stueber acknowledged that she filed her "OCRC complaint letter on April 8, 2022." Stueber also filed two notices of "Supplemental Facts Supporting Plaintiff's Response in Opposition" to each motion to dismiss, which included a notice of right to sue issued by the OCRC. The OTIC and Individual Defendants filed their respective reply briefs in response to Stuber's briefs in opposition that also addressed the propriety of Stueber's supplemental filings under Civ.R. 12.

{¶ 8} On August 11, 2022, the trial court issued a journal entry denying the OTIC's motion to dismiss and motion to strike and seal and granting the Individual Defendant's motion to dismiss. The court also denied as moot the OTIC's motion to stay the case and for protective order. On August 25, 2022, the OTIC filed a notice of appeal pertaining to "[t]he production of attorney-client privileged information in pleadings, jurisdiction, and other collateral issues raised in the Motion to Dismiss."

{¶ 9} In response, Stueber filed a motion to dismiss this interlocutory appeal, arguing that there is no final appealable order, and the appeal "was only filed in a self-serving attempt to delay, harass, and cause undue burden to Stueber." Stuber maintained that the trial court's ruling is not a provisional remedy because the court has not ordered the production of any document or disclosure of any privileged information. She further contended that, procedurally, a prospective protective order limiting deposition questioning and discovery, on the basis of

alleged attorney-client privilege, is improper because a record needs to be made before the trial court for it to first determine if the communication is attorney-client privileged or not.

{¶ 10} The OTIC opposed Stueber's motion to dismiss, arguing that this court has jurisdiction because the trial court's denial of the motion to dismiss and motion to strike and seal amended complaint, and motion for protective order are orders compelling attorney-client privileged information, which is immediately appealable. The OTIC further argued that it is now forced to answer the allegations of the amended complaint that contain attorney-client privileged information and such disclosure would result in harm. We denied Stueber's motion to dismiss the appeal pursuant to this court's recent decision in *Davis v. Yuspeh*, 8th Dist. Cuyahoga No. 111575, 2023-Ohio-219.

{¶ 11} The OTIC now appeals, raising the following assignments of error for review:

> **Assignment of Error One:** The trial court erred in finding that the alleged information contained in the complaint and amended complaint is not privileged.
>
> **Assignment of Error Two:** The trial court erred in failing to apply *Squire, Sanders & Dempsey, LLP. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533 to dismiss Stueber's lawsuit based on the [OTIC's] attorney-client privilege assertion.
>
> **Assignment of Error Three:** The trial court erred in permitting Stueber to include attorney client privileged information in her amended complaint, which requires a response that could waive privilege.

**Assignment of Error Four:** The trial court erred in finding that disclosure of privileged information was warranted in the interests of justice.

## II. Law and Analysis

### A. Final Appealable Order

{¶ 12} Stueber raised a final appealable order issue in her motion to dismiss the appeal that this court denied prior to oral argument. Before reviewing the OTIC's assignments of error, we must first revisit the jurisdiction issue and address whether we have jurisdiction to review the OTIC's (1) motion to dismiss the amended complaint; (2) motion to stay and for protective order; and (3) motion to strike and seal the amended complaint. We note the OTIC acknowledged at appellate oral argument that the trial court's denial of its motion to dismiss is not a final appealable order.

#### 1. OTIC's Motion to Dismiss the Amended Complaint

{¶ 13} It is well established that, in general, a trial court's order denying a motion to dismiss is not a final appealable order because the party can seek an appropriate remedy on appeal after a final judgment is entered. *Cooney v. Radostitz*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, ¶ 15, citing *Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 24*; Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 19-20; *Bressan v. Secura Ins. Co.*, 8th Dist. Cuyahoga No. 64997, 1994 Ohio App. LEXIS 1800, 13 (Apr. 28, 1994); *United States Bank, N.A. v. Courthouse Crossing Acquisitions, L.L.C.*, 2017-Ohio-9232, 103 N.E.3d 300, ¶ 12 (2d Dist.); *see also Haskins v.*

*Haskins*, 104 Ohio App.3d 58, 61, 660 N.E.2d 1260 (2d Dist.1995) ("Generally, an order denying a motion to dismiss is not a final order because the reasons for which the dismissal was sought continue undisturbed to the final judgment, permitting prosecution of the error, if any, on the final judgment.").

{¶ 14} Our appellate jurisdiction is limited to reviewing judgments and orders that are final. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6, citing *McKenzie v. Payne*, 8th Dist. Cuyahoga No. 83610, 2004-Ohio-2341. "This court has a duty to examine, sua sponte, potential deficiencies in jurisdiction." *Radostitz* at ¶ 12, citing *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7; *Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9; *Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5.

{¶ 15} Relevant to the instant case, to qualify as a final appealable order under R.C. 2505.02(B), the judgment entry denying the OTIC's motion to dismiss and motion to stay case and for protective order must either (1) affect a substantial right in an action that in effect determines the action and prevents a judgment, or (2) grant or deny a "provisional remedy," and the order must in effect determine the action with respect to the provisional remedy and the appealing party would not be afforded a meaningful review of the decision if that party had to wait for final judgment as to all proceedings in the action. R.C. 2505.02(B)(1), (4).

{¶ 16} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to [R.C. 2307.85 or 2307.86], a prima-facie showing pursuant to [R.C. 2307.92], or a finding made pursuant to [R.C. 2307.93(A)(3)]." R.C. 2505.02(A)(3).

{¶ 17} Here, we find no basis upon which to deviate from the general rule that a trial court's order denying a motion to dismiss is not a final, appealable order. The denial of the OTIC's motion to dismiss the amended complaint does not fall within either category identified above in R.C. 2505.02(B). The order does not affect a substantial right and the OTIC can seek an appropriate remedy on appeal after a final judgment is entered. An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Cooney*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521 at ¶ 23, citing *Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115 ("An order affects a substantial right 'only if an immediate appeal is necessary to protect the right effectively.'" *Id*. at ¶ 16, quoting *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993)).

{¶ 18} Moreover, the denial of the OTIC's motion to dismiss does not determine the action and prevent a judgment on Stueber's amended complaint. *Crown Servs.* at ¶ 17 ("An order determines the action and prevents a judgment when it 'dispose[s] of the merits of the cause or some separate and distinct branch thereof and leave[s] nothing for the determination of the court[.]' * * * 'A judgment that leaves issues unresolved and contemplates further action is not a final, appealable order.'" *Id.*, quoting *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, ¶ 8.). Additionally, the trial court's order did not grant or deny a provisional remedy. *Cooney* at ¶ 24, citing *Shane v. Tracy*, 8th Dist. Cuyahoga No. 77025, 2000 Ohio App. LEXIS 3844 (Aug. 24, 2000), *discretionary appeal not allowed*, 91 Ohio St.3d 1464, 743 N.E.2d 403 (2001) ("[A] denial of a motion to dismiss does not constitute a provisional remedy as it is not ancillary to the action but goes to the essence of the action itself. Nor is a party precluded from meaningful review of the trial court's denial as it can be brought up on appeal following the conclusion of the action." *Id.* at 12, citing *Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 48, 613 N.E.2d 1079 (8th Dist.1992).).

{¶ 19} We note that the majority of the OTIC's argument on appeal is devoted to the denial of its motion to dismiss. Because the trial court's denial is not a final appealable order under R.C. 2505.02, we do not have jurisdiction to consider this portion of the OTIC's appeal.

**2. OTIC's Motion to Stay the Case and for Protective Order**

{¶ 20} We further find that the trial court's denial of the OTIC's motion to stay and for protective order is also not a final appealable order. For a provisional remedy, such as the discovery of privileged or protected materials, to constitute a final appealable order, we apply the three-part test set forth in *Davis*, 8th Dist. Cuyahoga No. 111575, 2023-Ohio-219. That test requires "(1) a 'colorable claim' that the order at issue requires the production of material covered by privilege; (2) a showing that the order at issue determines the action and prevents a judgment favorable to the appellant on the issue; and (3) a demonstration that review after final judgment does not constitute an adequate remedy." *Id.* at ¶ 20, citing *Blue Technologies Smart Solutions, LLC v. Ohio Collaborative Learning Solutions, Inc.*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935, ¶ 26, 27, 31, and 32; *see also Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 20, citing R.C. 2505.02(B)(4)(a) and (b).

{¶ 21} In the instant case, the trial court's order denies the OTIC's motion requesting that the trial court stay the entire case pending a decision on the attorney-client privilege issues and asking for a protective order to prevent Stueber from making additional filings that expose privileged information. The trial court's denial, however, does not require the OTIC to produce any particular information. Because the OTIC sought a prospective protective order prohibiting paper discovery and limiting questioning in future discovery depositions, we have nothing yet to review. Thus, the trial court's order denying the motion to stay and for protective order does not "determine the privilege issue" and does not satisfy the requirements

of R.C. 2505.02(B)(4)(a). *See Gordon v. GEICO Ins. Co.*, 2019-Ohio-2437, 139 N.E.3d 548, ¶ 11 (8th Dist.). Accordingly, we do not have jurisdiction to consider those portions of the OTIC's appeal discussing the court's denial of its motion to stay and for protective order.

### 3. OTIC's Motion to Strike and Seal

{¶ 22} The OTIC also appeals the trial court's ruling denying the motion to strike and seal the amended complaint. On March 1, 2023, this court denied Stueber's motion to dismiss the appeal, relying on this court's recent decision in *Davis*, 8th Dist. Cuyahoga No. 111575, 2023-Ohio-219. The issue in *Davis* was the trial court's judgment denying defendants-Andrew Yuspeh, Esq., Jason Rappaport, Esq., and Yuspeh Rappaport Law L.L.C.'s, motion to strike several allegations in the complaint filed by plaintiff-Davis and an exhibit attached to the complaint. *Id.* at ¶ 1. Davis filed a complaint for legal malpractice against defendants, alleging that they were negligent in handling his underlying personal injury case because they failed to timely conduct discovery in the case, which led to dismissal of his complaint. *Id.* at ¶ 6.

{¶ 23} Before filing his legal malpractice claim, Davis filed a grievance against defendant-Yuspeh with the Cleveland Metropolitan Bar Association's Certified Attorney Grievance Committee. *Id.* at ¶ 7. After an investigation, the grievance was dismissed and the Committee, through its counsel, sent Davis a letter labeled **"PERSONAL AND CONFIDENTIAL"** advising him of the dismissal. *Id.* Davis quoted several negative findings from Committee letter regarding Yuspeh's

representation and attached the Committee's letter as an exhibit to his complaint. *Id.* at ¶ 8. In response, the defendants filed a motion to strike the allegations in the complaint. *Id.* at ¶ 9.

{¶ 24} On appeal, this court considered whether the trial court's denial of the motion to strike was a final appealable order, noting that while the case does not involve a discovery dispute, the trial court's interlocutory order denying defendants' motion to strike allows the disclosure of allegedly confidential material. *Id.* at ¶ 19.

{¶ 25} The *Davis* Court applied the three-part test for an order involving a provisional remedy and explained:

> The first prong requires that [defendants] demonstrate a "colorable claim" that the order at issue would allow the disclosure of allegedly privileged material. [Defendants] refer us to *Everage v. Elk & Elk*, 159 Ohio App.3d 220, 2004-Ohio-6186, 823 N.E.2d 516, ¶ 11 (3d Dist.), wherein the court held that the trial court had erred in ordering the defendant law firm to produce for in camera review copies of uncertified grievances regarding attorney misconduct filed against the law firm by former clients. Upon construing the confidentiality provision of a former version of Gov.Bar R. V, which like the version quoted above distinguished between uncertified and certified grievances, the court found that "the Supreme Court of Ohio created a substantive right of privacy upon a respondent attorney with respect to the disclosure of uncertified grievances," and that a trial court may not infringe this substantive right by ordering discovery of records regarding uncertified grievances. *Id.* at ¶ 11. In light of *Everage*, we find that [defendants] have made a colorable claim that the trial court's order denying their motion to strike allows the disclosure of privileged material.
>
> The next prong of the test requires us to determine whether the trial court's order determines the action and prevents a judgment favorable to [defendants] on the issue. *Blue Technologies* at ¶ 27. We find that it does. By denying [defendants'] motion to strike, the order determines the issue regarding disclosure of the uncertified grievance and prevents a judgment in favor of [defendants] on this issue.

Accordingly, the order determines the action relative to the provisional remedy.

Finally, [defendants] must show that review after final judgment does not constitute an adequate remedy. *Blue Technologies*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935, at ¶ 32. [Defendants] contend that a postjudgment appeal would be meaningless or ineffective because they have a substantive right to privacy in Davis's grievance because it was never certified to the Board. They contend that because the docket is public, the continuing disclosure of the uncertified grievance exposes them to potential scorn, ridicule, and possibly irreparable reputational harm in the legal community and with prospective clients. They contend that under such circumstances, a postjudgment appeal would be ineffective because one cannot "unring the bell" of reputational harm suffered as a result of the disclosure of an uncertified grievance.

We find this to be an adequate showing that the potential harm of continued disclosure of the uncertified grievance extends beyond the case being litigated and cannot be rectified by a later appeal.

*Id*. at ¶ 21-24.

{¶ 26} This court concluded that defendants made an adequate showing that an appeal after final judgment would be an inadequate remedy, and as a result, the trial court's order denying defendants' motion to strike was a final appealable order. *Id*. at ¶24.

{¶ 27} Applying this three-part test to the trial court's denial of the OTIC's motion to strike and seal the amended complaint, we find, as the *Davis* Court found, that this is a final appealable order. The OTIC alleges that Stueber's complaints include descriptions of legal advice she provided to the OTIC (her client) and the OTIC's reactions to her advice. We note that "a party is not required to conclusively prove the existence of privileged matters as a precondition to appellate review under R.C. 2505.02(B)(4)." *Phillips v. Vesuvius USA Corp.*, 8th Dist. Cuyahoga No.

108888, 2020-Ohio-3285, ¶ 12, *discretionary appeal not allowed*, 160 Ohio St.3d 1420, 2020-Ohio-4811, 154 N.E.3d 110, citing *Byrd v. U.S. Xpress, Inc.*, 2014-Ohio-5733, 26 N.E.3d 858, ¶ 12 (1st Dist.). "To impose such a requirement would force an appellate court 'to decide the merits of an appeal in order to decide whether it has the power to hear and decide the merits of an appeal.'" *Id.*, quoting *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 35 (10th Dist.); *Phillips* at ¶ 12. "Instead, a party need only make a 'colorable claim' that materials subject to discovery are privileged in order to qualify as a provisional remedy." *Phillips* at ¶ 12, citing *Byrd* at ¶ 12; *Burnham*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, at ¶ 3, 29.

{¶ 28} In light of the foregoing, we find that the OTIC made a "colorable claim" that the trial court's order denying their motion to strike and seal allows the disclosure of privileged material, qualifying as a provisional remedy.

{¶ 29} The next prong of the test requires us to determine whether the trial court's order determines the action and prevents a judgment favorable to the OTIC on the issue. We find that it does. By denying the OTIC's motion to strike and seal, the order determines the issue regarding disclosure of allegedly attorney-client privileged information and prevents a judgment in favor of the OTIC on this issue. Accordingly, the order determines the action relative to the provisional remedy.

{¶ 30} Finally, the OTIC must demonstrate that review after final judgment does not constitute an adequate remedy. The OTIC contends that the trial court's denial to its motion forces it to answer the allegations in the complaint, resulting in

the disclosure of attorney-client privileged information. And not responding would result in an admission by default, leaving it without remedy. The OTIC further contends that an appeal after final judgment would not provide an adequate remedy because responding to those allegations of the complaint would result in prejudice to the OTIC. We find this to be an adequate showing that an appeal after final judgment would be an inadequate remedy.

{¶ 31} Accordingly, we conclude that the trial court's order denying the OTIC's motion to strike and seal is a final appealable order and, therefore, we have jurisdiction to consider the merits of this portion of the appeal.[2]

## B. Merits of the Appeal

{¶ 32} The OTIC argues that Stueber has publicized their private, attorney-client communications through the wrongful termination complaint without permission, waiver, or excuse. The OTIC asks this court to order the trial court to

---

[2] We note that in her motion to dismiss the appeal, Stueber cites to a judgment entry by this court dismissing the appeal in *Marvar v. Premier Physicians Ctrs., Inc.*, 8th Dist. Cuyahoga No. 109256 (Apr. 27, 2020), a case she alleges is similar to the instant case. In that entry, this court found that dismissal was appropriate because "[t]he trial court's denial of the appellant's motion to strike portions of the complaint does not determine the action or prevent a judgment; therefore, the appeal is dismissed for lack of a final appealable order." In *Marvar*, the defendants sought to strike plaintiff's complaint, alleging that the complaint "is riddled with information protected by the attorney-client privilege." *Raymond J. Marvar vs. Premier Physicians Ctrs., Inc., et al.*, Cuyahoga C.P. No. CV-18-905740. This case, however, is distinguishable. In *Marvar*, the defendants filed an answer to the complaint prior to filing its appeal, and this court, at that time, did not have the benefit of *Davis*, 8th Dist. Cuyahoga No. 111575, 2023-Ohio-219.

strike and seal all paragraphs of the amended complaint, except for 2 and 154-158, to prevent further wrongful dissemination of attorney-client privileged material.[3]

**{¶ 33}** Stueber acknowledges that the OTIC does have some attorney-client privilege between it but contends that the OTIC "incorrectly and broadly attempts to assert that all communications between [it] and Stueber are privileged[.]" She contends that her "comment on the legality of an action does not rise to the level of attorney-client privileged information that needs to [be] safeguarded" in the amended complaint.

**{¶ 34}** Here, the trial court denied the OTIC's motion to strike and seal the amended complaint "for the reasons set forth in [Stueber's] brief in opposition[.]" With regard to the motion to strike and seal, Stueber primarily argued that the amended complaint does not contain any attorney-client privileged communications, and even if it did, an attorney is legally permitted to reveal attorney-client privileged communications to establish a claim.

**{¶ 35}** As the Ohio Supreme Court recognized in *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533:

> "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States* (1998), 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379. As we explained in *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005 Ohio 1508, 824 N.E.2d 990, "'Its purpose is to

---

[3] We note that in OTIC's motion to strike and seal, it requested that all paragraphs of the amended complaint, except for 2 and 154-158 paragraphs be stricken. On appeal, the OTIC asks that all allegations in the amended complaint "with the exceptions of Paragraphs 2, 3 and 154-158" be stricken.

encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves the public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.' *Upjohn Co. v. United States* (1981), 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584; *Cargotec, Inc. v. Westchester Fire Ins. Co.*, 155 Ohio App.3d 653, 2003 Ohio 7257, 802 N.E.2d 732, ¶ 7." *Leslie*, at ¶ 20.

*Id*. at ¶ 16.

{¶ 36} The attorney-client privilege arises:

"'(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'"

*State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 27, quoting *Leslie* at ¶ 21, quoting *Reed v. Baxter*, 134 F.3d 351, 355-356 (6th Cir.1998); *see Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817, ¶ 12 (8th Dist.). The privilege, however, is not absolute. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 660, 635 N.E.2d 331 (1994). "That is to say, the mere relation of attorney and client does not raise a presumption of confidentiality of all communications made between them." *Id*. at 660-661, citing 8 Wigmore, Evidence (McNaughton Rev.1961), Section 2311. The privilege "applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice." *Perfection Corp*. at ¶ 26.

{¶ 37} In the instant case, Stueber's amended complaint alleges the basis for her wrongful termination, outlining the events leading up to her termination.

Stueber specifically alleges "concerns" that she raised regarding the OTIC's contract awards process and the OTIC's response to her concerns. She further alleges that she gave certain "advice" to the OTIC and the OTIC refused to follow, which ultimately ended in her termination. Based on the limited record before us, and the plain meaning of Stueber's repeated use of the words "advice" and "concern," we find that Stueber's allegations, as former general counsel to the OTIC, are subject to the attorney-client privilege.

{¶ 38} We recognize that there are a variety of ways to prevent unwarranted disclosure of the confidential information, including "'the use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings.'" *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal.App.4th 294, 312, 106 Cal.Rptr.2d 906 (2001), quoting *Gen. Dynamics Corp. v. Superior Court*, 7 Cal.4th 1164, 1191, 32 Cal.Rptr.2d 1, 876 P.2d 487 (1994). "The use of these tools, and others inherent in a trial court's authority to govern the conduct of proceedings, is a prudent and sufficient safeguard against overbroad disclosure." *Spratley v. State Farm Mut. Auto. Ins. Co.*, 2003 UT 39, 78 P.3d 603, ¶ 22. At this initial pleading stage, the sealing of the amended complaint, as the OTIC requested, achieves this purpose by preventing further dissemination of attorney-client privileged information.

{¶ 39} Accordingly, we find that the trial court's denial of the motion to strike was proper, but the trial court erred when it denied the OTIC's motion to seal the amended complaint.

### III. Conclusion

{¶ 40} The OTIC's motion to dismiss the amended complaint and motion to stay and for protective order are not final appealable orders that can be reviewed in this appeal, and these portions of the appeal are hereby dismissed. The denial of the motion to strike and seal is a final appealable order that can be reviewed on appeal. Stueber's use of the words "advice" and "concern" in her amended complaint are subject to attorney-client privilege and sealing the amended complaint prevents further dissemination of attorney-client privileged information at this initial point in the proceedings.

{¶ 41} Accordingly, judgment is affirmed in part, reversed in part, dismissed in part, and remanded to the trial court to seal Stueber's amended complaint and original complaint and for further proceedings.

It is ordered that appellant and appellee split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
SEAN C. GALLAGHER, J., CONCUR